IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00685-WYD-CBS

QFA Royalties, LLC,

    Plaintiff,

v.

JOE CASE,
CASECO, INC., and
JOSA, INC.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Defendants' Motion to Dismiss, filed on August 10, 2005, which argues for dismissal of the claims against them based on lack of personal jurisdiction or comity, or in the alternative, for change of venue, or in the alternative, to stay further action in the case. Plaintiff filed a Response on August 30, 2005, and Defendants filed a Reply on September 14, 2005. Upon consideration of the parties' briefs, the Court finds that the Motion to Dismiss should be denied.

I.    BACKGROUND

On July 20, 2001, Defendant Josa, Inc. entered into a Franchise Agreement with The Quizno's Franchise Company LLC, a predecessor of Plaintiff, QFA Royalties LLC, concerning the opening of a Quiznos Sub restaurant in Charleston, South Carolina. Defendant Case personally guaranteed Josa Inc.'s obligations under the Franchise Agreement. On July 31, 2001, Defendant Case signed a restaurant location lease on

behalf of Josa, Inc. with West Ashley Exxon, LLC (the "landlord").  On June 19, 2003, Defendant CaseCo, Inc. entered into a Area Director Marketing Agreement ("ADMA") with Quizno's Franchising LLC, another predecessor of Plaintiff.  Defendant Case personally guaranteed all of CaseCo, Inc.'s obligations under the ADMA.

Section 21.1 of the Franchise Agreement and section 19.1 of the Area Director Marketing Agreement state:

> [The parties] have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship.  Therefore, if a claim is asserted in any legal proceeding involving [the parties], the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

Sometime in 2004, Defendant Case decided to sell the South Carolina franchise and assign the restaurant location lease.  Prior to closing, a dispute arose between Defendant Case and the landlord in which the landlord demanded payment of $30,000 in common area maintenance ("CAM") fees.  The sale of the franchise was completed in August, 2004.  However, on March 3, 2005, the landlord filed suit in the Court of Common Pleas in South Carolina against Defendant Josa, Inc., Defendant Case, the buyer of the South Carolina franchise, and two Quizno's entities seeking payment of the disputed CAM fees.  On April 12, 2005, Plaintiff terminated the ADMA and the Franchise Agreement due to Defendants' alleged improper attempt to sell, transfer or

2

otherwise assign their Quizno's restaurant and abandonment of that franchised location in violation of various provisions of the Franchise Agreement, as well as alleged violations of the ADMA.  Plaintiff filed this action on April 14, 2005, seeking declaratory judgment concerning the parties rights and obligations under the ADMA and Franchise Agreement and Damages for breaches of the ADMA and Franchise Agreement.  On July 13, 2005, Defendants filed cross-claims and a third-party complaint against Plaintiff in the South Carolina case asserting breach of contract and wrongful termination.

Defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2) for lack personal jurisdiction or, in the alternative, under the doctrine of comity or for improper venue.  Defendants further assert that this case should transferred or that this Court should stay the case.

II.     ANALYSIS

   A.     Forum Selection Clauses

As a preliminary matter, the parties disagree about whether the forum selection clauses contained in the Franchise Agreement and the Area Director Marketing Agreement are enforceable.  Forum selection clauses are "'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."  *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)).  "Only a showing of inconvenience so serious as to foreclose a remedy,

perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause." *Riley*, 969 F.2d at 958 (citing *Carvinal Cruise Lines*, 111 S. St. 1522, 1528 (1974).

Here, Defendants assert that the forum selection clauses should not be enforced because they are contrary to South Carolina's laws and public policy. Defendants also rely on a case from the District Court for the Western District of Wisconsin in which that Court refused to enforce a venue selection clause as contrary to Wisconsin's public policy. *See Brown Dog, Inc. v. Quizno's Franchise Co.*, 2004 WL 1114427 (W.D. Wis. 2004) *Id.* at 9.

A federal court sitting in diversity applies the substantive law of the forum state. *Burnham v. Humphrey Hospitality Reit Trust*, 403 F.3d 709, 713 (10th Cir. 2005). This Court is bound by neither Wisconsin's nor South Carolina's laws and public policy in determining whether the forum selection clauses are enforceable. Under Colorado law, a forum selection clause is enforceable unless the clause is unfair or unreasonable. *See e.g., Clinic Masters, Inc., v. District Court*, 556 P.2d 473 (Colo. 1976); *see also Adams Reload Co. v. International Profit Assoc.*, ___ P.3d ___, 2005 WL 3071566 * 3 (Colo. App., Nov. 17, 2005); *ABC Mobile Sys., Inc. v. Harvey*, 701 P.2d 137, 139 (Colo. App. 1985). The burden of establishing that a forum selection clause is unfair or unreasonable is on the party seeking to avoid it. *ABC Mobile Sys., Inc.*, 701 P.2d at 139. In addition, "mere inconvenience or additional expense is not the test of unreasonableness." *Id.*

Defendants do not assert that the forum selection clauses at issue are unfair or

unreasonable, but complain that the clauses were not negotiated. Defs.' Mot. to Dismiss at 8. In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991), the United States Supreme Court declined to adopt a rule that a forum selection clause is unenforceable simply because it was not the subject of bargaining. Instead, the Court focused on whether the clause was reasonable. *Id*. In addition, simply because a forum selection clause is part of a "boilerplate" provision in a contract does not make it invalid. *Adams Reload Co.*, 2005 WL 3071566 at * 4; *see also Clinic Masters, Inc. V. District Court*, 556 P.2d 473, 475-76 (Colo. 1976). I am unpersuaded by Defendants' argument that the forum selection clauses should be invalidated because they were part of agreements that were presented as "as is" documents. I find that the forum selection clauses at issue are valid and enforceable.

      B.     <u>Personal Jurisdiction</u>

Defendants also asserts that this Court does not have personal jurisdiction over them because they have not established "'continuous and systematic general business contacts' with Colorado to constitute sufficient minimum contacts." Defs.' Mot. to Dismiss at 5 (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1079-81 (10th Cir. 2004)). Plaintiff contends that this Court has personal jurisdiction over Defendants because Defendants, as franchisees, have a substantial connection to the franchisor's state, which is Colorado.

A court may obtain personal jurisdiction over a defendant in three ways: "consent by the parties, presence in the forum state, and actions by the defendant which affect people in the forum state." *Qwest Communications Int'l, Inc. v. Thomas*,

5

52 F.Supp.2d 1200, 1204 (D. Colo. 1999).  Personal jurisdiction represents an individual right, and, like other rights, it can be waived through consent.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Parties to a contract may agree in advance to waive personal jurisdiction in a particular forum through a forum selection clause.  *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1963).  When parties consent to personal jurisdiction in a certain forum, there is no need to analyze the forum state's long arm statute or the party's contacts with the forum state.  *See Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F.Supp. 521, 523 (D. Kan. 1995).

While both Defendants and Plaintiff focused on a minimum contacts analysis, such an analysis is unnecessary in this case because the forum selection clauses at issue state that parties consent to personal jurisdiction in the United States District Court, District of Colorado.  Defendants contend that they only consented to venue, not personal jurisdiction, however, the plain language of the forum selection clauses state that "each party waives any objection it might have to the personal jurisdiction of or venue in such courts."  I find that Defendants have waived any objection they may have had to personal jurisdiction in this Court, and that jurisdiction over Defendants is proper.  *See Clinic Masters, Inc.*, 556 P.2d at 475.

    C.    <u>Venue</u>

Defendants next contend that even if this Court finds the forum selection clauses valid and does not otherwise dismiss this action, venue should be transferred to the United States District Court, District of South Carolina "for the convenience of the

parties as permitted under 28 U.S.C. § 1404(a)." Defs.' Mot. to Dismiss at 10. Section 1404(a) governs transfer of venue disputes. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district [court] . . . where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509,1515 (10th Cir. 1991)(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). However, "[u]nless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972). A motion to transfer under section 1404(a) requires a district court to balance numerous case-specific factors, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relevant advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

In this case, several of the *Chrysler* balancing factors weigh in favor of Plaintiffs, including the presence of a valid forum selection clause. The plaintiff's choice of forum is given considerable weight. *See Tex. E. Transmission Corp. v. Marine Office -*

*Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978) (citing *Tex. Gulf Sulphur Co.*, 371 F.2d at 147).  In addition, the United States Supreme Court has stated that a forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)." *Stewart Org.*, 487 U.S. at 31.  In other words, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus" of whether venue transfer is appropriate.  *Id.* at 29.  In addition, pursuant to the choice-of-law provisions in the forum selection clauses, Colorado law controls the issues Plaintiff has raised in this dispute.  Therefore, issues involving the possibility of the existence of questions arising in the area of conflict of law, and the advantage of having a local court determine questions of local law also weigh in favor of Plaintiff.

Neither party has raised an issues concerning enforceability of judgment, relative advantages and obstacles to a fair trial, or difficulties that may arise from congested dockets, so I consider these factors to be neutral.

As to issues concerning the accessibility of witnesses and sources of proof, and the cost of making necessary proof, Defendants contend that Plaintiff is a large corporation with sufficient funds to pursue its claims in South Carolina, and would suffer little, if any, prejudice, from the matter being transferred.  In addition, Defendants contend that since the South Carolina proceeding involves the same issues as the action before this Court, it is practical and economical to transfer venue of this case to South Carolina.  I find that both Plaintiff and Defendants have witnesses and evidence located in both Colorado and South Carolina, and while the cost of defending this suit

in Colorado may have a larger fiscal impact on Defendants, I find that this factor alone does not establish South Carolina as a more convenient forum under 1404(a). On balance, Defendants have not satisfied their burden of demonstrating that the *Chrysler* factors weigh in favor of transferring this action. I find that venue is proper in Colorado, and I decline to transfer the action to the District Court for the District of South Carolina.

### E.  Comity and Abstention

In the alternative, Defendants argue that this Court should dismiss or stay the action pending the outcome of the South Carolina state case based on the doctrine of judicial comity and decline to exercise jurisdiction over this declaratory judgment action. Defs.' Mot. to Dismiss at 7, 11.

A district court has broad discretion to decide whether to entertain a justiciable declaratory judgment action. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995); *see also Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989). "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Before deciding whether abstention is appropriate in order to avoid duplicative litigation in federal court of a matter properly decided in parallel litigation in a state court "the district court must determine 'whether the state and federal proceedings are parallel. Suits are parallel if

9

substantially the same parties litigate substantially the same issues in different forums.'" *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (citing *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994)).  A district court must "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings."  *Fox*, 16 F.3d at 1081 (emphasis in the original). "Any doubt[s] should be resolved in favor of exercising federal jurisdiction."  *Id.* at 1082. "If the district court determines the cases are not parallel, it should proceed.  If the cases are parallel, the court must decide whether to abstain."  *Allen*, 68 F.3d at 403.

Defendants assert that the South Carolina case and this case are "related and intertwined," and that Plaintiff filed this declaratory judgment action "because it prefers this Court to be the 'arena for a race to *res judicata*'" over the same issues pending in the South Carolina case.  Defendants accuse Plaintiff of deliberately waiting three months to serve Defendants with the Summons in this case until after Defendants filed their cross-complaint in the South Carolina case.  Defendants further assert that the core issue in the South Carolina case - responsibility for the disputed CAM charges - is "central" to whether Defendants' wrongful abandoned their franchise.  Plaintiff, on the other hand, maintains that Defendants dispute the propriety of Plaintiff's termination of the Franchise Agreement and the ADMA for reasons unrelated to the disputed CAM charges.

I find that while the parties to this case and the South Carolina case are substantially similar, the core issue in the South Carolina proceedings - i.e. responsibility for the disputed CAM charges - is not substantially similar to the core

issue in this case.  The South Carolina case is principally a landlord-tenant dispute. This case is a declaratory judgment action in which Plaintiff seeks a determination of the parties' rights and obligations under the Franchise Agreement and the ADMA. While Defendants have raised the issue of the propriety of the termination of the Franchise Agreement and ADMA through their cross-claims in the South Carolina case, and while resolution of the disputed CAM charges may be relevant to the parties' rights and obligations under the Franchise Agreement and the ADMA, I cannot conclude that the two actions are "parallel."  I conclude that I should exercise my discretion and entertain this declaratory judgment action.

III.    CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that Defendants' Motion to Dismiss, filed August 10, 2005 (docket #13), is **DENIED**.

Dated:  March 31, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge