IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00685-WYD-CBS

QFA Royalties, LLC,

    Plaintiff,

v.

JOE CASE,
CASECO, INC., and
JOSA, INC.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss, filed April 13, 2006 ("Motion for Reconsideration"). By Order dated March 31, 2006, I denied Defendants' Motion to Dismiss, which argued for dismissal of the claims against them based on lack of personal jurisdiction or comity, or in the alternative, for change of venue, or in the alternative, to stay further action in the case. Plaintiff filed a Response in Opposition to the Motion for Reconsideration on April 24, 2006. Defendants moved for leave to file a Reply in support of their Motion for Reconsideration on April 28, 2006. For the reasons set forth herein, Defendants' Motion for Reconsideration is **DENIED**. In addition, Defendants' motion for leave to file a Reply is **DENIED**.

I.    BACKGROUND

On July 20, 2001, Defendant Josa, Inc. entered into a Franchise Agreement with

The Quizno's Franchise Company LLC, a predecessor of Plaintiff, QFA Royalties LLC, concerning the opening of a Quiznos Sub restaurant in Charleston, South Carolina. Defendant Case personally guaranteed Josa Inc.'s obligations under the Franchise Agreement. On July 31, 2001, Defendant Case signed a restaurant location lease on behalf of Josa, Inc. with West Ashley Exxon, LLC (the "landlord"). On June 19, 2003, Defendant CaseCo, Inc. entered into an Area Director Marketing Agreement ("ADMA") with Quizno's Franchising LLC, another predecessor of Plaintiff. Defendant Case personally guaranteed all of CaseCo, Inc.'s obligations under the ADMA.

On March 3, 2005, the landlord filed suit in the Court of Common Pleas in South Carolina against Defendant Josa, Inc., Defendant Case, the buyer of the South Carolina franchise, and two Quizno's entities seeking payment of certain disputed "Common Area Maintenance" ("CAM") fees. On April 12, 2005, Plaintiff terminated the ADMA and the Franchise Agreement due to Defendants' alleged improper attempt to sell, transfer or otherwise assign their Quizno's restaurant, and abandonment of that franchised location in violation of various provisions of the Franchise Agreement, as well as alleged violations of the ADMA. Plaintiff filed this action on April 14, 2005, seeking declaratory judgment concerning the parties rights and obligations under the ADMA and Franchise Agreement and Damages for breaches of the ADMA and Franchise Agreement. On July 13, 2005, Defendants filed cross-claims and a third-party complaint against Plaintiff in the South Carolina case asserting breach of contract and wrongful termination.

In my March 31, 2006, Order, I found that section 21.1 of the Franchise

Agreement and section 19.1 of the ADMA contain valid and enforceable forum selection clauses, which require Defendants to litigate their disputes against Plaintiff in a Colorado Court. I also found that Defendants waived any objection they may have had to personal jurisdiction in this Court, and that venue in this Court is proper. Finally, I found that this case and the proceedings in South Carolina were not "parallel," and that I should exercise my discretion and entertain this declaratory judgment action.

II.     ANALYSIS

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). The court's treatment of a motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order. "'[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (quoting Fed. R. Civ. P. 54(b); *see also Haas v. Tulsa Police Dept.*, 58 Fed.Appx. 429, 2003 WL 255396, at *2 (10th Cir. 2003). These motions are not governed by Rule 59 or 60(b). *Raytheon*, 368 F.3d at 1217. While court's have broad discretion to alter interlocutory orders, a motion to reconsider such an order "is not at the disposal of parties who want to rehash old arguments. " *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation and internal quotation marks

omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Nat. Business Brokers, Ltd.*, 115 F.Supp. 2d at 1256 (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotation and internal quotation marks omitted).

In their Motion for Reconsideration, Defendant note that on March 31, 2006, the same day I issued my Order denying Defendants' Motion to Dismiss in this case, the South Carolina Court issued an Order denying QFA's Motion to Dismiss the cross-claims asserted against them in the South Carolina case, and accepted jurisdiction over those cross-claims. Defendants contend that because the South Carolina Court has retained jurisdiction over the cross-claims, this Court "has even greater justification . . . to dismiss or stay the pending action," and that the South Carolina Court's recent ruling "has rendered this action useless and duplicative."

Other than their discussion of the South Carolina Court's order, Defendants Motion for Reconsideration does not raise any manifest error of law or fact and the majority of the Motion to Reconsider simply reasserts the legal arguments raised in their original Motion to Dismiss. Moreover, the South Carolina Court's decision not to dismiss the cross-claims brought against QFA is not newly discovered evidence, and is irrelevant to the arguments raised by Defendants in their Motion to Dismiss.

Most importantly, the South Carolina decision does not impact the analysis contained in my March 31, 2006 Order, in which I concluded that "while the parties to

this case and the South Carolina case are substantially similar, the core issue in the South Carolina proceedings - i.e. responsibility for the disputed CAM charges - is not substantially similar to the core issue in this case," and, therefore, the two proceedings are not "parallel" for purposes of application of the abstention doctrine.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  However, even if I were to reconsider this conclusion and find that the two proceedings are "parallel," I cannot conclude that abstention is appropriate in this case.  *Reinhardt v. Kelly*, 164 F.3d 1296 (10th Cir. 1999).  First, there is no issue of competing jurisdiction over a single res and, as discussed in my March 31, 2006 Order, neither this forum nor the South Carolina Court is a more convenient forum than the other.  In addition, although the South Carolina case was filed prior to this case, Plaintiff initiated this suit before Defendants filed their cross-claims and third party complaint against QFA in the South Carolina case.  Finally, the avoidance of piecemeal litigation is not sufficient, standing alone, to justify abstention in this case.  *See Reinhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999).

III.    CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss, filed April 13, 2006 (docket #24), is **DENIED**.

FURTHER ORDERED Defendants' Motion for Leave to File Reply Brief in Support of Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss, filed April 28, 2006 (docket #31), is **DENIED**.

Dated: May 18, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge